# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SAJ GROUP, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:19-cv-02606 |
| v. | ) | |
| | ) | |
| OETTINGER DAVIDOFF AG; | ) | |
| GERALD BERNARD GALLERY, INC.; | ) | |
| BIGGS MANSION, LLC; | ) | |
| | ) | |
| Defendants. | ) | |

## CUSTOMER DEFENDANTS GERALD BERNARD GALLERY, INC.'S AND BIGGS MANSION, LLC'S JOINT MOTION TO STAY OR, IN THE ALTERNATIVE, EXTEND TIME TO ANSWER OR PLEAD

Defendants Gerald Bernard Gallery, Inc. ("GBG") and Biggs Mansion, LLC ("Biggs") (collectively, the "Customer-Defendants") jointly move to stay the patent infringement claims against them in this case, or in the alternative, to extend time to file their responses to the Complaint by sixty (60) days. In support of their Motion, the Customer Defendants state:

1. This is a patent infringement case, wherein Plaintiff alleges that it holds a patent to glassware designed to hold a cigar on its rim. GBG and Biggs are local retailers that allegedly sold the allegedly infringing product. Currently, GBG's and Biggs's responses to the Complaint are due on September 11, 2019.

2. Neither GBG nor Biggs manufacture the allegedly infringing product. Instead, both stores purchased the glassware from Davidoff of Geneva USA, Inc. ("Davidoff USA"), the American subsidiary and distributor for the Swiss cigar and cigar accessory manufacturer, Oettinger Davidoff, AG ("Davidoff AG").[1]

---

[1] See http://oettingerdavidoff.com/who-we-are#organisation.

1

3.   In this respect, GBG and Biggs are "customers" of manufacturers Defendant Davidoff AG and its subsidiary, Davidoff USA. Davidoff USA has not been named in this case, but Davidoff AG has.

4.   The Customer-Defendants' sales of the allegedly infringing glassware are very low.

5.   Upon its investigation to date, GBG's records reflect that it has sold less than $1,000 of the glassware, in gross revenue, in its entire sales history. GBG is not currently selling the glassware and has not since before this litigation was filed.

6.   Upon its investigation to date, Biggs' records reflect that it has sold less than $2,750 of the glassware, in gross revenue, in its entire sales history. Biggs is not currently selling the glassware and has not since before this litigation was filed.

7.   This litigation, and the expense of defending it, imposes a hardship on the Customer Defendants, when Davidoff is the manufacturer that allegedly infringed upon Plaintiff's patent.

8.   This case was filed on April 17, 2019. Defendant Davidoff AG has not appeared and, on information and belief, has never been served with Summons or the Complaint.

9.   The Customer Defendants have been discussing potential resolutions of the claims with Plaintiff's counsel. However, on September 5, 2019, Plaintiff's counsel unexpectedly filed motions to withdraw, which are to be presented on September 12, 2019. It is unclear to the Customer Defendants whether Plaintiff intends to retain new counsel or continue prosecuting these claims.

10. The Customer Defendants have potential defenses to the infringement claims, but those defenses are likely to be better presented by Defendant Davidoff. For this reason, courts recognize the "customer-suit" exception to patent infringement claims, which allow for customer-suits to be stayed while the plaintiff litigates the infringement claim against the manufacturer, who is "generally the 'true defendant' in the dispute." *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014) (staying customer claims, severing and transferring manufacturer claims pursuant to 28 U.S.C. § 1404(a)). Allowing claims against the manufacturer to proceed first materially advances the administration of justice by more efficiently resolving the controversy and requiring the "true defendant" to bear the cost of the defense. *Id.* at 1366.

11. Here, while it is true that Davidoff has not yet presented any defenses of non-infringement or patent invalidity, that is because it has not been served. Thus, the customer-claims should be stayed until such time as Davidoff is properly before the Court and presents whatever defenses it may have to these claims.

12. Further, if there is still a way to reasonably resolve the customer claims, the withdrawal of Plaintiff's counsel has stalled these discussions. Thus, to the extent the Court is not inclined to grant a stay at this time, the Customer-Defendants' responses to the Complaint should be deferred until such time as it is clear whether Plaintiff intends to retain new counsel or wishes to discuss settlement with the Customer Defendants directly. An extension of 60-days should be sufficient time to allow Customer-Defendants to discuss this with Plaintiff or its new counsel.

13. This motion is not made for the purposes of delay, but to allow the Customer-Defendants to defend or resolve this patent infringement litigation in the most efficient and economical way possible.

WHEREFORE, Defendants Gerald Bernard Gallery, Inc. and Biggs Mansion, LLC jointly move to stay the patent infringement claims against them in this case, or in the alternative, to extend time to file their responses to the Complaint by sixty (60) days until November 11, 2019.

Respectfully submitted,

| GERALD BERNARD GALLERY, INC.<br>Defendant | BIGGS MANSION, LLC,<br>Defendant |
|---|---|
| By: Eric P. VanderPloeg | By: /s/ Vlad V. Chirica |
| Joseph P. Roddy<br>jroddy@burkelaw.com<br>ARDC # 6204031<br>Eric P. VanderPloeg<br>evanderploeg@burkelaw.com<br>ARDC # 6310377<br>Burke, Warren, MacKay & Serritella, P.C.<br>330 N. Wabash Ave., 21st Floor<br>Chicago, Illinois 60611<br>(312) 840-7000 | Allen R. Perl<br>aperl@perlandgoodsnyder.com<br>ARDC # 6191920<br>Vlad V. Chirica<br>vchirica@perlandgoodsnyder.com<br>ARDC # 6320436<br>PERL & GOODSNYDER, LTD.<br>14 North Peoria Street, Suite 2C<br>Chicago, Illinois 60607<br>(312) 243-4500 |

# CERTIFICATE OF SERVICE

I, the undersigned attorney, certify under oath that I caused the forgoing agreed motion to be filed with the Court's electronic CM/ECF filing system, and thereby caused the same to be served electronically on all counsel of record reflected below on this day September 10, 2019.

| | |
|---|---|
| Jonathan Loevy<br>Matthew Topic<br>LOEVY & LOEVY<br>311 N. Aberdeen, Third Floor<br>Chicago, Illinois 60607<br>(312) 243-5900<br>matt@loevy.com<br>jon@loevy.com<br>*Attorneys for Plaintiff* | Allen R Perl<br>Vlad V. Chirica<br>Perl & Goodsnyder, Ltd.<br>14 North Peoria Street, Suite 2-C<br>Chicago, IL 60607-2644<br>(312) 243-4500<br>aperl@perlandgoodsnyder.com<br>vchirica@perlandgoodsnyder.com<br>*Attorneys for Defendant Biggs Mansion, LLC* |

/s/ Eric P. VanderPloeg